Filed: October 5, 2001

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 00-2488
(CA-99-699-DKC)

Host Marriott Corporation,

Plaintiff - Appellee,

versus

United States of America,

Defendant - Appellant.

O R D E R

The court grants the motion for publication and further amends its opinion filed July 20, 2001, and amended July 25, 2001, as follows:

On the cover sheet, section 1 -- "UNPUBLISHED" is changed to read "PUBLISHED."

On the cover sheet, section 6 -- the status line is changed to begin "Affirmed by published opinion...."

On page 2, the reference to use of unpublished opinions as precedent is deleted.

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

Filed:  July 25, 2001

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 00-2488
(CA-99-699-DKC)

Host Marriott Corporation,

Plaintiff - Appellee,

versus

United States of America,

Defendant - Appellant.

O R D E R

The court amends its opinion filed July 20, 2001, as follows:

On page 2, section 1, line 4 -- "Hartman E. Blanchard, Jr., MCKEE, NELSON, ERNST & YOUNG, L.L.P., Washington, D.C.," is added as counsel for Appellee in the "On Brief" section.

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

PUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

HOST MARRIOTT CORPORATION,
Plaintiff-Appellee,

v.

UNITED STATES OF AMERICA,

Defendant-Appellant.

No. 00-2488

MANUFACTURERS ALLIANCE/MAPI
INCORPORATED,
Amicus Curiae.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CA-99-699-DKC)

Argued: June 6, 2001

Decided: July 20, 2001

Before WIDENER, NIEMEYER, and LUTTIG, Circuit Judges.

_____

Affirmed by published opinion. Judge Niemeyer wrote the opinion,
in which Judge Widener and Judge Luttig joined.

_____

COUNSEL

**ARGUED:** Edward T. Perelmuter, Tax Division, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant.
John Benjamin Magee, MCKEE, NELSON, ERNST & YOUNG,
L.L.P., Washington, D.C., for Appellee. **ON BRIEF:** Claire Fallon,

Acting Assistant Attorney General, Stephen M. Schenning, United States Attorney, Thomas J. Clark, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant. Hartman E. Blanchard, Jr., MCKEE, NELSON, ERNST & YOUNG, L.L.P., Washington, D.C.; Dennis P. Bedell, Alan I. Horowitz, Shane T. Hamilton, MILLER & CHEVALIER, CHARTERED, Washington, D.C.; Richard A. Burton, Michael Slattery, HOST MARRIOTT CORPORATION, Bethesda, Maryland, for Appellee. Richard E. Zuckerman, Raymond M. Kethledge, HONIGMAN, MILLER, SCHWARTZ & COHN, L.L.P., Detroit, Michigan, for Amicus Curiae.

_____

## OPINION

NIEMEYER, Circuit Judge:

This is an appeal from the district court's judgment holding that interest which accrued on a taxpayer's income tax deficiencies qualified as a "specified liability loss" under the 1991 version of 26 U.S.C. § 172(f)(1) and therefore could be carried back ten years under the 1991 version of 26 U.S.C. § 172(b)(1)(C). As a result, the district court awarded Host Marriott Corporation a tax refund in excess of $22 million.

Host Marriott ("the taxpayer") filed its income tax returns for tax years 1977, 1978, and 1979 in 1978, 1979, and 1980, respectively. The Internal Revenue Service ("IRS") began an audit of those returns in 1981, which it concluded in 1985. At the conclusion of the audit, the IRS assessed the taxpayer income tax deficiencies for the tax years 1977-79. The taxpayer challenged the assessments and settled the deficiencies with the IRS in 1991. In its 1991 tax return, the taxpayer claimed the interest that accrued on its 1977-79 tax return deficiencies as a "specified liability loss" under 26 U.S.C. § 172(f)(1) (1991). Relying on the ten-year carry back authorization for a specified liability loss, the taxpayer amended its 1984 and 1985 tax returns to claim a refund.

2

The IRS argues that the income tax deficiency interest is not eligible for treatment under § 172(f)(1) (1991) as a specified liability loss. Although it acknowledges that the strict language of the Tax Code supports the taxpayer, it relies principally on legislative history to support its argument. Accordingly, it contends that the taxpayer was not entitled to a refund.

On the proper interpretation of 26 U.S.C. § 172(f)(1) (1991), we are persuaded by the reasoning of the district court, and therefore, on the basis of Host Marriott Corp. v. United States, 113 F. Supp.2d 790 (D. Md. 2000), we conclude that the interest accrued on the tax deficiencies in this case was a specified liability loss that may be carried back to "each of the 10 taxable years preceding the taxable year of such loss," 26 U.S.C. § 172(b)(1)(C) (1991).

The IRS argues additionally that if we allow the specified liability loss under 26 U.S.C. § 172(f) (1991), the loss should not include interest accrued after the 1987 tax year because, under § 172(f)(1)(B)(i) (1991), the loss arising under a federal or state law is allowed only if "the act (or failure to act) giving rise to such liability occurs at least 3 years before the beginning of the taxable year." It argues that because interest accrues daily, see 26 U.S.C. § 6622, liability for the interest after 1987 does not occur "at least 3 years before" the taxable year.

The taxpayer responds, persuasively, that the parties to this case stipulated that the taxpayer's interest liability "was imposed under § 6601" (imposing interest on unpaid taxes) and that the district court found that the taxpayer's § 6601 liability occurred upon the filing of its 1977, 1978, and 1979 tax returns. Section 6622, providing for daily compounding of interest, provides simply the rate of interest and the method of calculating the amount of liability, but does not, of its own force, impose liability. We agree with the taxpayer that the three-year requirement of § 172(f)(1)(B)(i) (1991) does not operate on the continuing calculation of a loss from the liability, but on "the act (or failure to act) giving rise to such liability." Whenever the act has occurred at least three years before the tax year, the loss may be claimed. To read the three-year requirement in the manner urged by the IRS would impose upon taxpayers an implied duty to mitigate

3

such losses in contexts where the very existence of a liability is uncertain.

Here, the acts giving rise to interest liability under § 6601 were the deficiency-producing filings in 1978, 1979, and 1980 for the taxable years 1977-79. Moreover, the obligation to pay interest on unpaid taxes could not have been discharged by paying the interest separately while yet challenging the tax deficiencies. Thus, as long as the deficiencies for tax years 1977-79 were under challenge and existed, the liability for interest existed <u>by reason of the deficiencies</u> created more than three years before the relevant tax year, 1991.

Accordingly, we affirm the judgment of the district court.

<u>AFFIRMED</u>

4